UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

Present: The Honorable  CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Jordan Keville

Attorneys Present for Defendants:

Shannon Chambers
Kara Read-Spangler

Attorneys Present for Proposed Intervenors:
Thomas Blanford

**Proceedings:**   **INTERVENOR CALIFORNIA ASSOCIATION OF HEALTH PLANS' MOTION TO INTERVENE** (filed 10/30/09)

## I.     INTRODUCTION & BACKGROUND

On May 22, 2009, plaintiff California Hospital Association ("CHA") filed the instant suit against David Maxwell-Jolly, as Director of the California Department of Health Care Services ("DHCS"). Plaintiff seeks to enjoin and stop implementation of mandated rates of reimbursement for emergency and post-stabilization services provided by certain CHA member hospitals to members of Medi-Cal Managed Care Organizations ("MCOs"). The payment rates at issue only apply when there is no written contract between the hospital and the particular health plan responsible for the MCO ("Non-Contracted Hospitals"). Plaintiff challenges the California statutes that place limits on these payment rates, as implemented by DHCS (collectively, "Non-Contracted Hospital Emergency Rates"), on the grounds that they violate federal and state law, including the section 30(A) Medicaid Act.

On October 30, 2009, California Association of Health Plans ("proposed intervenor") filed the instant motion to intervene as a third party defendant. On November 9, 2009, plaintiff filed an opposition on November 9, 2009 and defendant filed a notice of non-opposition. A reply was filed on November 16, 2009. A hearing was held on November 23, 2009. After carefully considering the arguments set forth by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

parties, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Upon compliance with Fed. R. Civ. Proc. 24, a nonparty may be permitted to intervene in the action, which gives the intervenor full party status, including the right to engage in discovery, to participate at trial, and to appeal the judgment.  See International Mining & Smelting Co., 325 U.S. 335, 338 (1945); United States v. California Mobile Home Park Magt. Co., 107 F.3d 1374, 1378 (9th Cir. 1997).

### A.  INTERVENTION OF RIGHT

Fed. R. Civ. Proc. 24(a) provides as follows:

Intervention of Right.  On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).  Each of these elements must be demonstrated in order to provide a non-party with a right to intervene.  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).  The rule is construed broadly in favor of applicants for intervention.  United States v. Oregon, 839 F.2d 635, 637 (9th Cir. 1988).

### B.  PERMISSIVE INTERVENTION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

As to permissive intervention, Fed. R. Civ. P. 24(b)(1) provides as follows:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

The Ninth Circuit has held that in considering the timeliness of the motion, the Court considers "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." League of United Latin Am. Citizens, 131 F.3d at 1308.

### III. DISCUSSION

Proposed intervenor California Association of Health Plans ("CAHP") is an association representing the interests of health plans operating in California. Mot. at 2-3. According to CAHP, its membership includes all twenty-two health plans operating MCOs under California's Medicaid program. Id.

#### A. INTERVENTION OF RIGHT

CAHP contends that it is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). First, CAHP argues that its motion is timely because it was filed in accordance with the Court's scheduling order.[1] Mot. at 4. It further argues that based on the current deadline for discovery, December 31, 2009, there is sufficient time to complete discovery after intervention. Id. Second, CAHP argues that its member health plans have both contractual and financial interests that will be affected by plaintiff's proposed remedy. Id. at 5. Specifically, CAHP asserts that its members have written contracts with DHCS specifying the rules that plans are obligated to follow in reimbursing Non-Contracted Hospitals. Id. It argues, as a result, that "the ruling in this case will directly dictate the amount of payments that [CAHP's member health plans] must make to plaintiff CHA's members." Id. at 6. Third, CAHP argues that the existing parties do not adequately represent its interests. Id. at 7. According to CAHP, plaintiff's interest in the Non-Contracted Hospital Emergency Rates is diametrically opposed to CAHP's. Id. Furthermore, it argues that the goals of DHCS are different than CAHP

---

[1] In its August 10, 2009 order, the Court scheduled the deadline for requests for leave to filed amended pleadings or to add parties for October 30, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

because while resolution of this matter may materially affect the required rates and thus financially impact the health plans, "DHCS is largely immune from the financial impact because it does not directly pay for the services at issue here."[2]  Id.  Fourth, CAHP argues that its interests will be impaired if not permitted to intervene because as previously discussed, plaintiff's requested relief directly impacts its members business interests.  Id. at 8.  It further argues that CAHP may not have another opportunity to protect these interests if the Court grants the requested relief of plaintiff.  Id.

Plaintiff responds that CAHP's motion should be denied because CAHP and the existing defendant, DHCS, share the same objective — to uphold the current methodologies controlling Non-Contracted Hospital Emergency Rates.  Opp'n at 1, 9-10.  According to plaintiff, when the proposed intervenor and the existing defendant share the same "ultimate objective," there is a presumption of adequate representation.  Id. at 9 (citing Prete v. Bradbury, 438 F.3d 949, 956 (9th Cir. 2006)).  Plaintiff further argues that this presumption is strengthened when, as in this case, a private party and a government agency are both seeking to uphold a state law.  Id. (citing League of United Latin Am. Citizens, 131 F.3d at 1305; Prete, 438 F.3d at 949).  Accordingly, plaintiff contends that CAHP fails to make a "compelling" showing to overcome the presumption that DHCS can adequately represent both parties.  Id. at 10-11.  Plaintiff further contends that even if the Court finds that the presumption does not apply, the factors used to assess adequacy of representation weigh against allowing CAHP to intervene.[3]  Id. at 9, 11.  Plaintiff argues that CAHP does not demonstrate that DHCS will not capably make all the arguments it would or that it brings any necessary elements to the proceedings that

---

[2] In support of this argument, CAHP asserts that a CAHP member, Molina Healthcare of California Partner Plan, Inc., previously sued DHCS to invalidate a portion of the emergency reimbursement rates.  Mot. at 7.  Plaintiff responds that this case did not involve a generalized challenge to the rates, as in this case, and accordingly does not demonstrate that DHCS' and CAHP's interests are adverse in this case.  Opp'n at 10.

[3] In Prete, 438 F.3d at 956, the Ninth Circuit held that the relevant factors include "whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

otherwise would be neglected.[4]  Id. at 12.

    Furthermore, plaintiff contends that the instant motion should be deemed untimely because CAHP delayed five months before seeking to intervene and fails to offer any explanation for that delay.  Id. at 1, 5-8 (citing League of United Latin Am. Citizens, 131 F.3d at 1308, which held that in determining the timeliness of the motion, the Court considers "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay").  According to plaintiff, allowing CAHP to intervene now would necessarily delay and complicate the proceedings.[5]  Id.

    CAHP reiterates that the motion is timely.  Reply at 2-5.  It further replies that while plaintiff is correct that the State has an interest in upholding the legality of its actions, CAHP's members have their own unique interests by virtue of the structure of California's Medicaid system.  Id. at 7.  Specifically, it emphasizes that because plaintiff is not seeking monetary damages from the State, but rather is seeking to invalidate the reimbursement rates established by the State, the result would be to increase the amount health plans pay to hospitals without a related payment increase to health plans, and thus, at no financial cost to the State.  Id.  As to a presumption of adequate representation, CAHP counters that such a presumption does not apply, or at least has been rebutted, because unlike the proposed intervenors in Prete and League of United Latin Am. Citizens, CAHP has a separate economic and contractual interest from that of the State. Id. at 8-9 (citing Southwest Ctr. For Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001) (finding the presumption rebutted because applicant had private economic

---

    [4] Plaintiff further argues that given the nature of its claims and that DHCS has extensive experience regarding most of the legal theories on which it is relying due to related litigation, see, e.g. Independent Living Center of Southern California v. Maxwell-Jolly, 572 F.3d 644, 651-52 (9th Cir. 2009), that DHCS is better equipped to defend against them than proposed intervenor CAHP.  Opp'n at 12.

    [5] Plaintiff emphasizes that based on the August 10, 2009 scheduling order, the close of discovery is "less than two months away," and that while the deadline for filing motions is April 2, 2010, Fed. R. Civ. P. 56 "would require that any summary judgment motions in the case be filed by January 30, 2010."  Opp'n at 3, 5-6.  In addition, plaintiff asserts that CAHP's motion caused the existing parties to postpone a settlement conference originally scheduled for November 19, 2009.  Id. at 3, 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

interest in the litigation, not shared by the government agency)).

### B. PERMISSIVE INTERVENTION

In the alternative, proposed intervenor CAHP argues that the Court should grant permissive intervention under Fed. R. Civ. P. 24(b). Mot. at 9. It argues that the interests it represents share common questions of law and fact with the main litigation on the basis that the outcome of the case will determine the Non-Contracted Hospital Emergency Rates that its members will have to pay to plaintiff. Id. CAHP reiterates its argument that the motion is timely, and contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Id.

Plaintiff responds that CAHP does not meet all of the threshold requirements for permissive intervention because the motion is not timely. Opp'n at 13. It contends that the timeliness requirement is analyzed more strictly in the context of permissive intervention. Id. Moreover, plaintiff argues that the Court should deny the motion for the same reasons it argued that intervention as a matter of right was improper. Id.

### IV. CONCLUSION

The Court finds that CAHP has timely moved to intervene. The Court further finds that CAPH demonstrates a significantly protectable interest that would as a practical matter be impaired by plaintiff's requested relief. If the legislature is enjoined, CAPH's members will suffer a loss unique to them because they will have to pay more to Non-Contracted Hospitals. See Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1494 (9th Cir.1995) (finding an applicant demonstrates a "significantly protectable interest" when "the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests" ). Finally, the Court finds that even if it could be said that DHCS and CAPH share the same "ultimate objective," they do not have sufficiently congruent interests such that DHCS can be expected to protect, and thus adequately represent, CAPH's private economic interests. See Berg, 268 F.3d at 823. For these reasons, the Court concludes that intervention as a matter of right is appropriate. Alternatively, the Court finds it appropriate to grant CAHP permissive invention.

In accordance with the foregoing, the Court GRANTS CAHP's motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3694 CAS (MANx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION v. DAVID MAXWELL-JOLLY | | |

intervene.

　　IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |